# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JUAN ANTONIO FALCON,

                Plaintiff,

  v.

H. TYSON, et al.,

               Defendants.

_____/

CASE NO. 11-cv-00699-SKO PC

FIRST SCREENING ORDER DISMISSING
COMPLAINT, WITH LEAVE TO AMEND,
FOR FAILURE TO STATE A CLAIM UNDER
SECTION 1983

(Doc. 1)

THIRTY-DAY DEADLINE

## First Screening Order

### I.    Screening Requirement and Standard

Plaintiff Juan Antonio Falcon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 2, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

1

allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, <u>Iqbal</u>, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. <u>Iqbal</u>, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); <u>Moss</u>, 572 F.3d at 969.

## II.   <u>Discussion</u>

### A.   <u>Allegations</u>

Plaintiff, who is currently incarcerated at High Desert State Prison in Susanville, California, brings this suit against Lieutenant H. Tyson and registered nurse R. Guitron for violating his rights while he was at Kern Valley State Prison in Delano.

Plaintiff was accused of battery on a non-prisoner arising from an incident on August 4, 2009, in which Defendant Guitron accused him of inappropriately touching her hand and wrist. (Comp., court record p. 5.) Plaintiff was charged with a rules violation. (<u>Id.</u>) Plaintiff alleges that he was falsely accused by Defendant Guitron and that Defendant Tyson failed to conduct an adequate investigation into the charge against him, which led to the deprivation of his "civil liberties and institutional privileges for 9 months and 18 days." (Comp., § IV.) Plaintiff was also transferred to a prison far away, which affected visitation by his friends and family.

### B.   <u>Due Process Claim</u>

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones v.</u>

1  <u>Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each

2  defendant personally participated in the deprivation of his rights.  <u>Iqbal</u>, 556 U.S. at __, 129 S.Ct.

3  at 1949; <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City

4  of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones</u>, 297 F.3d at 934.

5       Although Plaintiff does not specify the basis for his legal claim, claims arising from prison

6  disciplinary charges and convictions generally implicate the Due Process Clause, which protects

7  prisoners against the deprivation of liberty without the procedural protections to which they are

8  entitled under the law.  <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  To state a

9  claim, Plaintiff must first identify the interest at stake.  <u>Wilkinson</u>, 545 U.S. at 221.  Liberty interests

10 may arise from the Due Process Clause or from state law.  <u>Id.</u>  The Due Process Clause itself does

11 not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, <u>id.</u> at

12 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty

13 interest created by prison regulations is determined by focusing on the nature of the condition of

14 confinement at issue, <u>id.</u> at 222-23 (citing <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84, 115 S.Ct. 2293

15 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally

16 limited to freedom from restraint which imposes atypical and significant hardship on the inmate in

17 relation to the ordinary incidents of prison life.  <u>Wilkinson</u>, 545 U.S. at 221 (citing <u>Sandin</u>, 515 U.S.

18 at 484) (quotation marks omitted); <u>Myron v. Terhune</u>, 476 F.3d 716, 718 (9th Cir. 2007).

19      Plaintiff fails to identify the existence of any protected liberty interest.  <u>Wilkinson</u>, 545 U.S.

20 at 221; <u>Sandin</u>, 515 U.S. at 484; <u>Myron</u>, 476 F.3d at 718.  A general allegation that "civil liberties

21 and privileges" were lost is insufficient to support a claim.  Furthermore, Plaintiff has not shown that

22 he was denied the minimal protections he was due under federal law.  <u>Wolff v. McDonnell</u>, 418 U.S.

23 539, 563-71, 94 S.Ct. 2963 (1974); <u>Walker v. Sumner</u>, 14 F.3d 1415, 1420 (9th Cir. 1994),

24 *abrogated on other grounds by* <u>Sandin</u>, 515 U.S. 472.  A bare assertion that the charge was false and

25 it was inadequately investigated does not support a claim.  <u>Iqbal</u>, 556 U.S. at __, 129 S.Ct. at 1949-

26 50; <u>Moss</u>, 572 F.3d at 969.

27 ///

28 ///

3

1    **III.     Conclusion and Order**

2         Plaintiff's complaint fails to state a claim under section 1983.  The Court will provide

3    Plaintiff with one opportunity to file an amended complaint, if he believes in good faith he can cure

4    the deficiencies identified above.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v.</u>

5    <u>Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by

6    adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th

7    Cir. 2007) (no "buckshot" complaints).

8         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

9    each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556

10   U.S. at __, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be

11   [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555

12   (citations omitted).

13        Finally, an amended complaint supercedes the prior complaint, <u>Forsyth v. Humana, Inc.</u>, 114

14   F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

15   "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

16   Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

17   amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>,

18   644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

19        Based on the foregoing, it is HEREBY ORDERED that:

20        1.     The Clerk's Office shall send Plaintiff a complaint form;

21        2.     Plaintiff's complaint is dismissed for failure to state a claim upon which relief may

22               be granted under section 1983;

23        3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

24               amended complaint; and

25   ///

26   ///

27   ///

28   ///

1    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

2          action will be dismissed, with prejudice, for failure to state a claim under section

3          1983.

4

5

6

7  IT IS SO ORDERED.

8  **Dated:    March 8, 2012**                    /s/ **Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28