# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ANTONIO FALCON, | CASE NO. 11-cv-00699-SKO PC |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| H. TYSON, et al., | (Doc. 7) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**Second Screening Order**

I. **Procedural History**

Plaintiff Juan Antonio Falcon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 2, 2011. On March 8, 2012, the Court screened Plaintiff's complaint and dismissed it, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on March 21, 2012.

II. **Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1   A complaint must contain "a short and plain statement of the claim showing that the pleader
2   is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
3   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
4   do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic
5   Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to
6   indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
7   (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal
8   conclusions are not.  Iqbal, 556 U.S. at 678.

9   Under section 1983, Plaintiff must demonstrate that each defendant personally participated
10  in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires
11  the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S.
12  at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of
13  misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d
14  at 969.

15  **III.   Discussion**

16  **A.   Allegations**

17  In his amended complaint, Plaintiff alleges that Lieutenant H. Tyson and Registered Nurse
18  R. Guitron violated his rights relating to the prison disciplinary charges brought against him, and he
19  seeks damages.

20  While at Kern Valley State Prison, Plaintiff was charged with and found guilty of battery on
21  Defendant Guitron arising out of an incident in which Guitron accused Plaintiff of touching and
22  caressing her hand.  Plaintiff alleges that the District Attorney's Office declined to file criminal
23  charges against him.  With respect to the prison disciplinary proceedings, Defendant Tyson was
24  assigned to investigate, a decision which Plaintiff subsequently challenged because Tyson was
25  known to act unprofessionally and he had been demoted.  After Plaintiff initiated an appeal, a second
26  investigation was conducted, but he alleges that the time lapse was too great to allow for fact-finding.

27  Plaintiff also alleges that he was not allowed to present "material evidence" or call witnesses
28  who were present at the time of the underlying incident.  (Amend. Comp., court record p. 5.)

Plaintiff alleges that although the charges were dismissed once because he was not allowed to call witnesses, he was also denied the right to call witnesses at his second hearing, following which he was found guilty.

### B.  Legal Claim

Plaintiff brings a claim for violation of the Due Process Clause of the Fourteenth Amendment, which protects prisoners against the deprivation of liberty without the procedural protections to which they are entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221.  Liberty interests may arise from the Due Process Clause or from state law. Id.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 222-23 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff's amended complaint sets forth no facts supporting the existence of a protected liberty interest, a deficiency which also plagued his original complaint. Wilkinson, 545 U.S. at 221. To the extent Plaintiff's transfer to a different prison is the purported interest at stake, there is no liberty interest in being housed at a particular prison.[1]  Wilkinson, 545 U.S. at 222-23; Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976).

In the absence of a protected liberty interest, Plaintiff's procedural due process claim fails as a matter of law. Wilkinson, 545 U.S. at 221.  Plaintiff was previously given leave to amend this

///

---

[1] Court record page 12.

deficiency but was unable to do so, and further leave to amend is not warranted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**IV.    Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983; and

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:    October 16, 2012**            /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE